### WILLIE FORD v. STATE.

No. A-4389.    Opinion Filed Jan. 30, 1924.
(222 Pac. 278.)

(Syllabus.)

**Homicide—Evidence Sustaining Conviction for Manslaughter in First Degree.** In a prosecution for murder, evidence held sufficient to support the verdict of manslaughter in the first degree, and no material error was committed on the trial.

Appeal from District Court, Creek County; Lucien B. Wright, Judge.

Willie Ford was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Thompson & Smith, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charges that in Creek county, on or about the 1st day of August, 1920, Willie Ford, Ike Garron, and Leroy Powers did kill and murder one Thomas Thomas, by shooting him with a shot gun. Upon his separate trial, the jury returned a verdict finding appellant, Willie Ford, guilty of manslaughter in the first degree, assessing his punishment at imprisonment in the penitentiary for a term of 25 years. He has appealed from the judgment rendered upon such conviction, but there has been no appearance in his behalf on his appeal.

The assignments of error relate to the instructions given upon the defense of insanity, alleged improper remarks of the county attorney in his argument of the case, and the sufficiency of the evidence to sustain the verdict. The facts which are undisputed, or which the evidence tends to prove, are:

That Thomas, the deceased, with his wife and five children, lived on the Garron farm, a few miles west of Depew. Appellant, with his wife, lived in another house on the place. On the date alleged deceased was chopping cotton, and returned to the house about 4 o'clock; taking a bucket in each hand, he started to the well, which is about 30 yards from the house. Before reaching the well he was shot by appellant, the charge entered the back of the head. Death was instantaneous. His widow testified:

"I heard the report of a gun, and ran to the door. I saw Willie Ford with a shotgun in his hands, chasing him. I saw him shoot, and my husband fell."

Oklee Turner testified:

"Mr. Garron was sick at Miller's, and I took him home. I was there about two hours. I saw Tom Thomas coming with a water bucket in each hand. Willie Ford was standing in the east door; his wife was washing near the smokehouse; when the man came up he spoke to us all and went on to the well. Willie Ford went into the house and came out with a shotgun in his hands, going towards the well; the man dropped the buckets and started to run, and Willie Ford shot at him, and he ran across the potato patch and fell. When he got up and started on, Willie Ford ran up and shot him, and the man fell. Willie Ford came back to the house and told his wife to get his clothes. I was ready to go, and Willie Ford and Leroy Powers got in the buggy with me. I left them at Miller's."

Another witness testified that he heard the shooting, and went over there, and found Tom Thomas dead, with a shotgun wound in the back of his head about the size of a half-dollar.

For the defense, Della Ford testified:

"I am the wife of Willie Ford; on the afternoon before the day of the shooting, I was at home alone; my husband and Sarah Duncan and Roy Powers had gone to town; they returned that night about 10 o'clock. I was crying, and I told my husband that Tom Thomas had raped me, and he went to crying."

Dr. B. C. Schwab, a physician and surgeon, in answer to a hypothetical question, based upon the facts as testified to by the wife of the defendant, stated that in his opinion defendant was temporarily insane when he fired the fatal shot.

Dr. G. C. Croston, a physician and surgeon, answered a similar hypothetical question by saying:

"I would judge that he was momentarily insane at the time he fired the fatal shot."

In rebuttal, Jess Watley testified that on the following day, after Tom Thomas was killed, in the town of Depew, he had a conversation with Della Ford, wife of the defendant, in the presence of Sarah Duncan, wherein he asked her why her husband shot Thomas, and she said it was on account of the girl Homa, who had been cursing Thomas' children, and Thomas got mad at her.

While appellant is not represented in this court, we have gone through the record, and find it free from substantial error. Under the evidence, this defendant might well have been convicted of murder. The case appears to have been fairly tried and submitted to the jury by instructions, not only free from all reversible error, but free from reasonable criticism.

The judgment of the lower court is therefore affirmed.

MATSON, P. J., and BESSEY, J., concur.